Cox, Taylor & Bentsen, of McAllen, and Renfro & Kilgore, of Dallas, for appellees.

## HEROLD v. TEXAS VENETIAN BLIND CO. et al.

### No. 13807.

Court of Civil Appeals of Texas. Dallas.

May 30, 1947.

Rehearing Denied June 20, 1947.

Motion to Certify Denied July 11, 1947.

BOND, Chief Justice.

Joe Herold, trading as the Dallas Venetian Blind Company, filed this suit in a district court of Dallas County, Texas, against Texas Venetian Blind Company, a corporation domiciled in Hidalgo County, Texas, and the Texas & Pacific Railway Company, a corporation having its principal offices and place of business in Dallas County, to recover $4,005, alleged to be the reasonable market value of 68 bundles of venetian blinds. The defendant Texas Venetian Blind Company filed statutory plea of privilege to be sued in the county of its domicile. This plea was timely controverted by the plaintiff. The defendant Railway Company filed answer denying liability. The exceptional provision relied upon by the plaintiff to support venue in Dallas County is Exception 4 of Art. 1995, R.S.1925, reading: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Upon the trial of the venue issues involved, the trial court sustained the plea of privilege, and from the order appeal was perfected to this court. The appeal hinges on the action of the court reflected by appellant's point of error (1) that the court erred in holding that plaintiff's petition does not allege a cause of action against the resident and nonresident defendants as to show their joint and several liability for payment of plaintiff's claim in suit; and (2) that the evidence is insufficient to show prima facie cause of action against the resident defendant, as to afford the two defendants to be joined in one action.

We think plaintiff's petition was sufficient to allege a cause of action so intimately connected as to accord the joinder of both defendants in the suit, and that the affirmative evidence adduced on trial was sufficient, at least to the extent of showing a prima facie cause of action, against the resident defendant. The plaintiff alleged, and there is evidence to show, that on October 14, 1946, the plaintiff delivered 68 bundles of venetian blinds to the defendant Railway Company for shipment over its freight line and connecting carriers, consigned to the defendant Texas Venetian Blind Company, McAllen, Hidalgo County, Texas, with instructions to "Collect on Delivery" the sum of $4,005 plus freight charges, to deliver the shipment to the consignee and remit the collection to the consignor. Each of the bundles of blinds was marked: "C. O. D.," which the Railway Company, its agents, servants and employees understood to mean "Collect on Delivery"; and the original Bill of Lading covering the shipment, stamped and approved by said defendant, its agent, servant and employee, recited material here, "Collection on Delivery $4,005 for account of and remit to: Dallas Venetian Blind Company, 3230 Ross, City of Dallas, Texas." This account charge of $4,005 against the defendant Blind Company was inserted in the original Bill of Lading before it was approved and the shipment accepted by the Railway Company, as were the marks "C. O. D." on each of the bundles. The bundles were severally checked in by the Railway employees before the Bill of Lading was stamped and approved, and before the defendant Railway Company accepted the shipment, loaded the blinds on its trucks at plaintiff's place of business and carried them away with a copy of the Bill of Lading unlike the original leaving the original Bill of Lading with the shipper. In consequence, the shipment went forward to its destination and was delivered to the consignee without the defendant railroad company or its connecting carrier collecting the claim account of the plaintiff. Thus it will be seen that plaintiff's cause of action against the resident defendant Railway Company is based upon the aforesaid agency contract under terms which the railroad company undertook to collect the $4,005 before delivery of the 68 bundles of venetian blinds to the consignee. The consignee has refused to pay for the blinds, or return them to the railway company, or to the consignor. The showing of breach of duty of the two defendants resulting in plaintiff's alleged damage are intimately connected, but for the breach of the one, the other would not have incurred liability, whilst the breach of both may have done so, making each joint or severally liable for plaintiff's damage.

In Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304, the then Commission of Appeals, adopted by the Supreme Court, laid down the rule applicable to the venue exception here involved (subdv. 4), that when two defendants residing in different counties, "the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further fact that plaintiff has a cause of action as alleged against the resident defendant."

We believe that under the record here presented, giving effect to the nature of the suit as disclosed by the pleadings, and the affirmative evidence as to the cause alleged against the resident defendant, the plaintiff has established the necessary elements to maintain his suit against both defendants in Dallas County, the legal domicile of the defendant Railway Company, and that the trial court erred in sustaining the plea of privilege as to the defendant, Texas Venetian Blind Company, and transferring the suit as to the last named defendant to Hidalgo County, Texas.

The issue raised by the plea of privilege and the controverting affidavit is venue, not liability, hence we make no comment,

or infer liability on the merits as against either of the defendants. The judgment of the court below is reversed, and the cause remanded with instruction to the trial court to overrule the plea of privilege; it is so ordered.

### On Motion to Certify.

This cause of action, by pleadings and proof, so closely connects the resident and nonresident defendants as would form, on trial to the merits, the basis for a single judgment. The suit involves one single cause of action, to recover the value of the venetian blinds. The element of liability of the Railway Company was to safely transport from Dallas, Texas, to McAllen, Texas, the venetian blinds in suit, to be delivered to the Texas Venetian Blind Company upon express contract to collect on delivery (C. O. D.), and remit to the shipper in Dallas, Texas, the amount due for the blinds. The consignee was not to get title and possession from the Railway Company before paying the C. O. D. charges. The element of liability of the nonresident defendant is the unlawful taking possession of the goods from the Railway Company without payment of the C. O. D. charges; hence the delivery by the Railway Company and the possession of the goods by the Texas Venetian Blind Company created a joint liability of the two wrongdoers. The shipping contract as to the collection and delivery of the goods was for the benefit of the contractual relation between the shipper and the consignee. The Railway Company assumed the responsibility for the shipment and the collection of the account.

If the Texas & Pacific Railway Company, the resident defendant, under the circumstances alleged, was justified in accepting the goods from the plaintiff in Dallas, Texas, and delivering them to the Texas Venetian Blind Company, which are elements of defense, and the nonresident defendant was justified in receiving the blinds without payment of the account C. O. D. (Cash on delivery), or has a lawful defense, which is not disclosed in this record, for its refusal to pay for the blinds, then the plaintiff could not recover judgment against either of the defendants. On the other hand, if the resident defendant was not justified in delivering the blinds without collecting the account, resulting in plaintiff's loss of his goods by the failure of the nonresident defendant in refusing to pay for them, then, certainly, plaintiff should have judgment jointly and severally against both defendants.

In the light of this record, we think there is no just ground for certifying appellees' questions to the Supreme Court. There is no conflict in the decisions of this State to justify the certificate. However, should our Supreme Court think otherwise, we welcome its suggestion and shall gladly commit the certificate to the Supreme Court for decision without mandamus action.

Motion to certify overruled.