TEXAS VENETIAN BLIND COMPANY v. HONORABLE JOEL R. BOND, CHIEF JUSTICE ET AL.

No. A-1355. Decided November 19, 1947.
(205 S. W., 2d Series, 977.)

*Cox, Taylor & Bentsen,* of McAllen, *Renfro & Kilgore,* of Dallas, for relator.

*Gerald L. Johnson, Robertson, Jackson, Payne & Lancaster,* all of Dallas, for resepondent.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

By this original proceeding the relator seeks a writ of mandamus directed to the Justices of the Court of Civil Appeals for the Fifth Supreme Judicial District commanding them to certify certain questions of law arising in a hearing of a plea of privilege.

Joe Herold, doing business as Dallas Venetian Blind Company, filed suit in a district court of Dallas County against relator, Texas Venetian Blind Company, and also against the Texas & Pacific Railway Company. The cause of action alleged against relator was for the value of merchandise sold by Herold to it, and that against the railway company was for its act in delivering the merchandise to relator without collecting the purchase price thereof as required by the bill of lading. The shipment was known in common parlance as a C. O. D. shipment.

The relator timely filed its plea of privilege to be sued in Hidalgo County, the county of its residence. Herold controverted the plea and sought to maintain venue in Dallas County, the county in which the railway company has its principal offices and place of business, under Exception 4 of Article 1995, R. S. 1925, providing that, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *" The trial court sustained the plea of privilege, but its order was reversed by the Court of Civil Appeals and the case was remanded with instructions to the trial court to retain venue of the case. A motion by relator to certify certain questions of law arising in the case was overruled by the Court of Civil Appeals, and the purpose of this proceeding is to compel the certification thereof. The motion requested the certification of two questions of law to this court.

One of the questions is substantially as follows: In a suit against two or more defendants, one of whom resides in the county in which the suit is filed, where the nonresident pleads his privilege, which is controverted by allegations that the case comes within subdivision 4 of Article 1995, may venue be maintained where laid where the causes of action are the proper

subject of permissive joinder, but where they are not joint and several in their nature? The basis for this question is a quotation in the original opinion of the Court of Civil Appeals from Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300, in this language:

"The plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. * * *"

It was alleged in the motion to certify that, in so far as that rule would permit a plaintiff to sustain venue against a nonresident merely because there might be a permissive joinder of the defendants in one suit under the rule intended to avoid a multicplicity of suits, it is out of harmony with the decision of this court in Fox v. Cone, 118 Texas 212, 13 S. W. (2d) 65, and the decision of the Court of Civil Appeals, Second District, in Dillon v. Binyon-O'Keefe Fireproof Storage Company, 119 S. W. (2d) 416, which latter decisions, it is alleged, require that the cause be transferred upon the plea of privilege of a nonresident defendant unless the petition states a joint cause of action or a joint and several cause of action against both the resident and the nonresident defendants.

■ The Court of Civil Appeals merely adopted with approval from an opinion of this court rendered long after that in Fox v. Cone. This court will not require the Court of Civil Appeals to certify a question to it which it has already decided, unless the decision of the Court of Civil Appeals on that question is contrary to the decision of this court. Aetna Life Insurance Company v. Gallagher, 127 Texas 553, 94 S. W. (2d) 410. If it is sought to have this court review and modify the rule stated in the Maples case, that end cannot be accomplished by a mandamus proceeding against a Court of Civil Appeals. When that court conforms to the latest expression of this court, it owes no duty to certify to this court the question of whether its decision is correct, even though it may be in conflict with an earlier decision of this court or a later decision of a court of civil appeals.

■ The other question which relator requested the Court of Civil Appeals to certify is, in substance, as follows: In a plea of privilege hearing, where issues are joined under subdivision

4 of Article 1995 is it sufficient, in order to maintain venue where laid, for the plaintiff to make out a prima facie case of liability against the resident defendant or must he prove his cause of action against the resident defendant by a preponderance of the evidence? If the holding below was that the plaintiff is not required to prove a venue fact by a preponderance of the evidence just as he is required to prove any other fact, that holding is in conflict with the established rule in this court as announced in Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91, and Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300. But we are not satisfied that the Court of Civil Appeals made that holding. The order of the trial court sustaining the plea of privilege discloses that it was based upon the ground that the plaintiff's petition stated severable causes of action against the defendants. It was the view of that court that in order to maintain venue in Dallas County the plaintiff must have pleaded a joint cause of action against both defendants, and that he failed to do so. There is nothing in the record from which we could imply that the trial court determined that, while plaintiff made out a prima facie case against the resident defendant, he did not do so by a preponderance of the evidence. Neither is it made to appear that the Court of Civil Appeals held that, since plaintiff made out a prima facie case of liability, the trial court erred in sustaining the plea of privilege, even though the evidence preponderated in favor of its judgment. There is an expression in the opinion from which it might be inferred that the court was of the opinion that a venue fact need not be proved by a preponderance of the evidence, but the question is not discussed and it is not made to appear that the court's judgment rested, in whole or in part, upon that ground. Before this court will issue a writ of mandamust directing a court of civil appeals to certify a question to it for decision on the ground of a conflict it must be made clearly to appear that there is an actual conflict of decisions, and that the judgment of that court rested, in part at least, on its holding on that question. That is not made clear by the record before us and the application for writ of mandamus is accordingly denied.

Opinion delivered November 19, 1947.

No motion for rehearing filed.