## FREELOVE v. ATLAS ROOFING CO.
### No. 15244.

Court of Civil Appeals of Texas.
Fort Worth.
April 20, 1951.

Rehearing Denied May 18, 1951.

Lattimore and Lattimore, Fort Worth, for appellant.

Piranio & Piranio, and Robert C. Johnson, Dallas, for appellee.

HALL, Justice.

This appeal is from an order of a district court of Dallas County overruling appellant's plea of privilege. The issues before us involve exception 4 of Article 1995, Vernon's Ann.Civ.St.: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

In order to maintain venue in Dallas County, it must fall within the Supreme Court's construction of exception 4, as outlined in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1301: " * * * Where, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, * * * the non-resident defendant files his plea of privilege to be sued in the county of his residence, and [the plaintiff seeks to sustain venue] under exception 4, art. 1995, * * * the plaintiff establish his right to maintain venue where laid by alleging a joint cause of action against the two defendants * * * or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. * * * "

As to whether appellee proved a cause of action against the resident defendants is not disputed.

The pleadings disclose that appellees, Aron Schifman and Morris Schaffer, dba Atlas Roofing Company, residing in Dallas County, Texas, sue Gaylord Shaw, Burnett Estes and Elba Hodges Estes, independent executrix of the estate of Barney R. Estes, dba Shaw and Estes, and American Employers Insurance Company, whose legal residences are in Dallas County; Charles T. Freelove, of Tarrant County, Texas; and Southwestern Baptist Theological Seminary, a corporation, whose office and principal place of business is in Tarrant County.

Allegations of appellee against the respective defendants are to the effect that it entered into a written contract with defendant Shaw and Estes (general contractors) for construction of a roof upon a building being erected by said Southwestern Baptist Theological Seminary in Fort Worth, Tarrant County, according to the plans, drawings, specifications and addenda prepared by appellant Charles T. Freelove, an architect, for a consideration of $9,500. That appellee was performing its contract as agreed and there was a balance due it upon said contract in the sum of $5,900. Defendants refused to permit appellee to proceed with the work to a completion, that the materials called for in the specifications were unsatisfactory and it was impossible to install the same in a manner which would be suitable for use on said roof; that such failure of the material to function was entirely due

to errors and defects in the plans, specifications and contract documents.

Appellee sues the American Employers Insurance Company as surety for the general contractor, Shaw and Estes.

Appellee also sues in the alternative upon quantum meruit.

Appellee's alleged cause of action against appellant Charles T. Freelove is: "That the defendant, Charles T. Freelove, prepared the plans and specifications described above, represented and warranted to plaintiff that same were suitable, and participated in the negotiations and contract made between plaintiff and defendant attached hereto as Exhibit 'A.' That after plaintiff had substantially performed its said contract, Charles T. Freelove wrongfully prevented plaintiff from proceeding with the work and wrongfully interfered with the contractual relationship between plaintiff and the defendant, Shaw & Estes, and Southwestern Baptist Theological Seminary by inducing them to prevent plaintiff from proceeding with the work and to refuse to pay plaintiff the balance due it on its said contract in the amount of $5,900. That by the negligent and wrongful conduct of the said Charles T. Freelove, which proximately caused the defective roof and plaintiff's injury, the plaintiff has been damaged in the amount of $5,900.00 for which it here seeks recovery against Charles T. Freelove."

The substance of appellant's points is: The trial court erred in overruling his plea of privilege, because, first, he is neither a necessary nor a proper party; second, that the cause of action alleged against him, if any, is not so closely related to the cause of action alleged against other defendants as would come under the above announced rule in the Maples case.

■ We agree with these contentions. The suit against all other defendants is one based upon contract, and, in the alternative, for quantum meruit. The most that can be said about the alleged cause of action against appellant is that it is one for tort. It is elementary that the plaintiff can have but one recovery for its material and work, and that by its allegations and proof against the other defendants it is shown it can fully recover against one or more of them. Therefore, under the holding in Tarrant v. Walker, 140 Tex. 249, 166 S.W. 2d 900, appellant is not a necessary party, that is, he is not one wherein the security of full relief is necessary.

■ Appellee has sued appellant herein for the full amount alleged it is entitled to under its contract. There is no allegation of collusion between appellant and the other defendants to defraud appellee. Appellant is not a guarantor to the general contractor or its sub-contractors. Any cause of action which appellee may have against appellant upon tort would be one for damages due it by appellant's malicious and capricious actions in refusing to accept its work and materials. We do not find such cause of action so closely connected with the cause of action which appellee has alleged and proven against the other defendants as would justify a denial of the rights afforded appellant under Article 1995. If appellee is correct in its contention that such workmanship and material furnished are sufficient under the contract then it can recover the full amount. If it does not make such proof then it would have no cause of action against appellant for refusing to accept its work and material. Jaques Power Saw Co. v. Womble, Tex.Civ.App., 207 S.W.2d 206; Dillon v. Binyon-O'Keefe Fireproof Storage Co., Tex.Civ.App., 119 S.W.2d 416; Roberson v. Hunt, Tex.Civ.App., 179 S.W.2d 315; Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65.

Appellee contends that the Supreme Court in Texas Venetian Blind Co. v. Bond, 146 Tex. 212, 205 S.W.2d 977, 978, repudiated the law announced in Fox v. Cone and the Binyon-O'Keefe cases, supra, but a close reading of the Supreme Court's decision discloses it was merely a refusal to answer certified questions submitted from the case of Herold v. Texas Venetian Blind Co., Tex.Civ.App., 203 S.W.2d 691, and indicated that it made no decision because it found no conflict in the one before it, as follows: "Before this court will issue a writ of mandamus directing a court of civil appeals to certify a question to it for decision on the ground of a conflict

402

it must be made clearly to appear that there is an actual conflict of decisions, and that the judgment of that court rested, in part at least, on its holding on that question. That is not made clear by the record before us and the application for writ of mandamus is accordingly denied."

Finding the trial court erred in overruling appellant's plea of privilege, the case is here rendered, ordering the district clerk of Dallas County to transfer said cause of action as against appellant Charles T. Freelove to the proper court of Tarrant County, under Rule 89, Texas Rules of Civil Procedure.