ATLAS ROOFING COMPANY V. HONORABLE EARL
P. HALL, CHIEF JUSTICE, ET AL.

No. A-3284. Decided January 9, 1952.
(245 S. W., 2d Series, 477.)

*Robert C. Johnson, Piranio & Piranio,* all of Dallas, for relator.

*Lattimore & Lattimore,* of Fort Worth, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an original mandamus proceeding, brought by relator to compel the Court of Civil Appeals for the Second Supreme Judicial District to certify certain questions of law that arose in a hearing of a plea of privilege, which was controverted, under Subdivision 4 of Article 1995, Vernon's Annotated Civil Statutes.

Aron Schifman and Morris Schaffner, doing business as Atlas Roofing Company, a partnership, hereinafter called relator, filed suit in the 101st District Court of Dallas County against the following defendants: Gaylord Shaw, Burnett Estes, and Elba Hodges Estes, independent executrix of the estate of Barney R. Estes, doing business as Shaw and Estes, a partnership, and American Employers' Insurance Company, a corporation, whose legal residences are in Dallas County, and Charles T. Freelove and Southwestern Baptist Theological Seminary, a corporation, whose legal residences are in Tarrant County.

Relator alleges that it entered into a written contract with defendants Shaw and Estes for the construction of a roof upon a building being erected by Shaw and Estes, as general contractors, for the owner, Southwestern Baptist Theological Seminary, in Fort Worth, said roof to be installed according to the plans, drawings, specifications, and addenda prepared by Charles T. Freelove, an architect, for a consideration of $9500.-00; that relator had substantially performed its contract as agreed, and there was a balance due relator on said contract in the sum of $5900.000; that defendant refused to permit and prevented relator from proceeding with the work to a completion; that the materials called for in the specifications were unsatisfactory, and it was impossible to install the same in a manner

which would be suitable for use on said roof; and that such failure of the material to function was entirely due to errors and defects in the plans, specifications, and documents.

Relator sued Shaw and Estes for $5900.00 damages for breach of said contract; sued American Employers' Insurance Company as surety on the performance bond of Shaw and Estes for said $5900.00 damages; sued Southwestern Baptist Theological Seminary, as owner of the building being erected, for monies in its hands to the extent of relator's damages; and sued Charles T. Freelove for wilfully and wrongfully inducing Shaw and Estes to breach their said contract with relator. The allegation against Freelove was that he "wrongfully prevented plaintiff from proceeding with the work and wrongfully interfered with the contractual relationship between plaintiff" and the other defendants "by inducing them to prevent plaintiff from proceeding with the work and to refuse to pay plaintiff the balance due on its said contract." Relator prayed for a joint and several judgment against all defendants for the same damages.

In response to plaintiff's petition, Charles T. Freelove and Southwestern Baptist Theological Seminary each filed their pleas of privilege to be sued in Tarrant County. Said pleas of privilege were timely controverted by relator, the controverting affidavit realleging the facts contained in the petition and alleging that venue was maintainable in Dallas County under Subdivision 4 of Article 1995.

On November 25, 1950, the pleas of privilege were heard by the court without a jury, the plaintiff offering evidence of the causes of action against the defendants. In support of relator's cause of action against Shaw and Estes, relator's contract with Shaw and Estes was introduced in evidence, along with evidence relating to the breach thereof. It is undisputed that relator proved a cause of action against the resident defendants. After hearing, the trial judge overruled the pleas of privilege.

Southwestern Baptist Theological Seminary did not appeal from or complain of the order of the trial court overruling its plea of privilege. Charles T. Freelove perfected his appeal from the order overruling his plea of privilege to the Court of Civil Appeals, and that court rendered an opinion reversing and rendering the judgment of the trial court as to Freelove, and ordering venue of the cause of action against Charles T. Freelove

changed to Tarrant County. The opinion holds that venue of the cause of action against Freelove could not be maintained in Dallas County under Subdivision 4 of Article 1995, and that the two causes of action were not so closely related as to sustain venue under that provision of the statute. 239 S. W. 2d 399.

Relator claims in this case that the causes of action against Freelove and the defendants who resided in Dallas County and joined in this suit grew out of the breach of a contract, committed by defendants who resided in Dallas County, and induced by the illegal action of Freelove, who resided in Tarrant County. On May 30, 1951, in conformity with Rule 465, Texas Rules of Civil Procedure, relator filed a motion to certify the questions of law to the Supreme Court, which motion was overruled.

Relator claims that the opinion of the Court of Civil Appeals conflicts with the following opinions of this Court: Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. 2d 1300, 1301; Cobb v. Barber, 92 Texas 309, 47 S. W. 963; American Surety Co. v. Shaw, Tex. Com. App., 69 S. W. 2d 47; and Texas Venetian Blind Co. v. Bond, 146 Texas 212, 205 S. W. 2d 977.

Relator says that this is an appeal from an interlocutory order on a plea of privilege hearing, and under the statutes and Rules of Civil Procedure the Supreme Court has no jurisdiction of an application for writ of error; that unless the writ of mandamus is ssued, the relator will suffer irreparable injury, for which it has no remedy at law, in that it will be deprived of its valuable right to have the merit issues tried in the county wherein two of the defendants reside, as provided by Sudivision 4 of Article 1995; that because of the conflicts stated above the Court of Civil Appeals is under a duty to certify to this Court for decision the questions of law upon which such conflict exists; and that relator has requested the particular questions of law upon which the conflict exists to be certified to this Court for decision, which request was overruled.

The three questions sought to be certified are rather lengthy, but they may be combined and succinctly expressed in one question: Could relator, under the facts alleged and proved in this case, maintain its cause of action in Dallas County under the provisions of Subdivision 4 of Article 1995 against the resident and nonresident defendants?

The answer to this question involves the construction of

that part of Subdivision 4 of Article 1995 which reads as follows:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

The contract executed by the Atlas Roofing Company, called "Sub-contractor," and Estes and Shaw, called "Contractor," recites that both reside in Dallas, Texas. The contract specifically describes the obligations of each for the construction of the roofing and metal work for the Southwestern Baptist Theological Seminary, located in Fort Worth, Texas, in accordance with the plans, specifications, and addenda attached to the contract prepared by Charles T. Freelove, called "Architect," of Fort Worth, Texas. The contract is divided into several divisions and subdivisions, and prescribes the duties to be performed by each of the parties thereto.

We will not discuss all of the cases cited by relator as being in conflict with the opinion of the Court of Civil Appeals in this case, but we will discuss two cases cited by realtor and also cited by the Court of Civil Appeals to sustain its opinion. These cases are Stockyards National Bank v. Maples, 127 Texas 633, 95 S. W. 2d 1300, and Tarrant v. Walker, 140 Texas 249, 166 S. W. 2d 900. We thing that the Court of Civil Appeals misconstrued the holdings of this Court in those two cases.

The case of Stockyards National Bank v. Maples, supra, involved a venue question, and therein it was held: "When, in a suit against two defendants residing in different counties brought in the county of the residence of one of them, the nonresident defendant files a plea of privilege to be sued in the county of his residence and the plaintiff seeks to sustain vendee under exception 4 of article 1995, it is not incumbent upon the plaintiff in order to sustain the venue as laid to prove a cause of action against the nonresident defendant." It was also held that under the record in that case "the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where the suit is pending in fact resides in such county and the further

fact that plaintiff has a cause of action as alleged against the resident defendant."

The case of Tarrant v. Walker involved the venue of a cause brought by the Tarrants in Polk County against The Texas Company and Gunter, who operated the truck owned by The Texas Company, as defendants, to recover damages for personal injuries sustained by Mrs. Tarrant when an automobile driven by her collided with the truck owned by The Texas Company and operated by Gunter. The collision occurred in Harris County, and each defendant filed a plea of privilege to be sued in Harris County, where Gunter resided and The Texas Company had its domicile. The Tarrants controverted both pleas, alleging that The Texas Company had an agent in Polk County, conducting business for it there, and that Gunter was a necessary party to the suit. The trial court overruled The Texas Company's plea, but sustained Gunter's. The Tarrants appealed, and contended that their suit was maintainable in Polk County under Subdivision 29a of Article 1995. The case finally reached this Court, and in construing Subdivision 29a this Court said: "Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article." It is quite clear that the foregoing holding is not applicable to this case, which is governed by Subdivision 4 of Article 1995.

■ The venue statutes were enacted for the general purpose of giving a person sued the right to litigate a cause of action in the county of his residence, subject to certain exceptions provided for in the statutes. One of the many exceptions provided for thereunder is Subdivision 4 of Article 1995. An enforcement of the general rule in all cases would result in a multiplicity of suits, creating unnecessary delay and extra costs. It is the policy of the law to avoid such a condition, and where there is a joint cause of action, the venue will lie in a county where one or more of the defendants reside, if sufficient facts are alleged and proved to make out a case against the resident defendant or defendants, or where, as here, if sufficient facts are alleged and proved to make out a case against the resident defendants and the cause of action against the non-resident defendant is so closely related to the cause of action against the resident defendants that the two may be joined

to avoid a multiplicity of suits. The litigants involved here were operating under a written contract, which placed certain duties and obligations upon those operating under its terms. It was alleged and proved that the defendants breached the contract, and that Freelove committed acts which made him liable for such breach. The trial court held that the venue of the suit was fixed in Dallas County, but the Court of Civil Appeals, although admitting that it was undisputed that relator had established a cause of action against the resident defendants, reversed the judgment of the trial court in so far as it fixed the venue against Freelove, and held, as a matter of law, that Freelove's plea of privilege should have been sustained and the cause transferred to Tarrant County.

■ The facts of this case present a question of law, and we hold that relator proved a cause of action against the defendants residing in Dallas County which is so closely connected with the cause of action against Freelove, who resided in Tarrant County, that the resident and nonresident defendants may be joined in this suit in Dallas County, as provided for in Subdivision 4 of Article 1995; and the Court of Civil Appeals erred in holding to the contrary.

■ In view of our holding, it would be a useless thing to compel the Court of Civil Appeals to certify this question to this Court. That would but cause unnecessary delay and involve extra costs. Rule 475 of the Texas Rules of Civil Procedure was amended to meet situations such as the one now confronting this Court in this case. That amendment became effective January 1, 1950. In that rule it is provided that the Supreme Court may "direct the Court of Civil Appeals to conform its ruling and decision to those of Civil Appeals to conform its ruling and decision to those of the Supreme Court, without the necessity of certifying the question to the Supreme Court." Therefore the Court of Civil Appeals is directed to conform its decision to the ruling of this Court, without certifying the question.

Opinion delivered January 9, 1952.