**Claude L. MILBURN, Appellant,**

v.

**M. L. MINETTE, Appellee.**

No. 5075.

Court of Civil Appeals of Texas.

El Paso.

Jan. 5, 1955.

Victor C. McCrea, Odessa, for appellant.

Jerome T. Ragsdale, Dallas, for appellee.

FRASER, Justice.

This is an appeal from the action of the trial court in sustaining the plea of privilege filed by defendant M. L. Minette.

Plaintiff alleged the elements of a trespass to try title suit in the opening paragraphs of his original petition. In the remainder of his petition he alleged that in 1940 one Ernest Riggs executed a lease of certain lands in Pecos County, Texas, to the Humble Oil & Refining Company, which company then gave a farm out of said lease to one Joe O. Williams; that Williams submitted this lease or contract to plaintiff, and that plaintiff and defendant Minette entered into an agreement to work on the proposition for their mutual benefit; that by and through such joint efforts one Marcus T. Reiners was contacted,

and through him the Pioneer Oil and Gas Company was interested and entered into an agreement to drill a well; that defendants Reiners and Minette were to receive fractional parts of the working interest along with Joe O. Williams, who was also to receive a fractional part of the working interest as his share in the property; these fractional interests to mature after the Pioneer Oil and Gas Company would be repaid for development costs. Plaintiff further alleged that all of these interests and arrangements came about by virtue of a contract between the parties and by the terms of which plaintiff and defendant Minette would upon the completion of the conditions of said contract own a one-half of a working interest subject to claims of Williams. He then alleges that Pioneer Oil Company has completed several producing wells, and has been fully repaid all development costs and therefore his interest has vested, or matured, and prays that the proper defendant be ordered to convey his interest to him.

The entire contract alleged by plaintiff was oral. Defendant Minette filed his plea of privilege and plaintiff filed his controverting affidavit and a hearing was had, but plaintiff did not offer any evidence on behalf of his controverting affidavit.

We think the trial court in sustaining the plea of privilege was correct, because the residence of Minette was in a county other than the filing of this lawsuit, and no exception to the venue statute was successfully pled or proved. It is true that plaintiff calls his lawsuit one of trespass to try title, and it is true that the land involved, or the interest involved concerns land lying in Pecos County, but it has been well settled that the character of a lawsuit as a whole governs the matter of venue, and the inclusion of a trespass to try title plea or element cannot by itself change the character of the lawsuit. It is obvious in the instant case that the plaintiff must prove the existence of a contract oral in nature, and then prove its successful culmination, before he has any claim to any interest in the oil interest involved. It seems, therefore, clear to us that this is a suit for the enforcement of an oral contract, and the inclusion of the trespass to try title provision cannot and does not alter the fundamental nature of the suit involved. Plaintiff has not shown any equitable title entitling him to the immediate possession of anything. We include several cases illustrating the point that the real nature of the lawsuit governs the venue. Miller v. Howell, Tex.Civ.App., 234 S.W.2d 925; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978. It seems abundantly clear from the pleadings that the plaintiff here seeks to establish an oral partnership or contract, and to claim thereunder.

It is uncontradicted that the residence of appellee was in Dallas County, Texas, and appellant did not introduce any evidence in support of his controverting affidavit, and we think that the court was entirely correct in sustaining the plea of privilege, especially in the absence of proof of the matters contained in said controverting plea. Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930.

In concluding, it must be noticed that the cases above cited and several texts hold that the action brought by plaintiff is one in personam, and does not come under any of the exceptions to the venue statute, being as it is an action to first establish a partnership, then to prove the completion of the conditions of said contract, and finally plaintiff's recovery thereunder. Such a lawsuit is not one litigating the title to land or an interest therein, but one attempting to settle claims between persons based on the existence of an oral contract. The defendant therefore was fully entitled to be sued in the county of his residence.

Appellant's points are accordingly overruled and the decision of the trial court affirmed.