Guadalupe BENAVIDES, Appellant,

v.

HOLLY SUGAR CORPORATION, Appellee.

No. 13186.

Court of Civil Appeals of Texas.

San Antonio.

May 8, 1957.

Rehearing Denied June 5, 1957.

———◇———

Roel & Sanchez, Magus F. Smith, R. M. Bounds, McAllen, for appellant.

Baker, Botts, Andrews & Shepherd, Frank G. Harmon, Robert C. Bledsoe, Houston, L. C. McLean, Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the District Court of Hidalgo County, Texas, granting Holly Sugar Corporation's plea of privilege to be sued in Dallas County.

Plaintiff filed a controverting affidavit, asserting venue in Hidalgo County under Exception 4 of Article 1995, Vernon's Ann.Civ.Stats., in that his suit was against a resident defendant, Conrado Lopez, and was a joint cause of action against him and Holly Sugar Corporation.

Plaintiff, Guadalupe Benavides, attempted to establish a cause of action by calling to the witness stand Conrado Lopez as an adverse witness, who testified in substance that he had been hired to transport a number of migratory laborers from Weslaco, Texas, to Worland, Wyoming; that these laborers were being transported in a two-ton truck owned and driven by him; that there were fifty-five persons in the truck, consisting of men, women and children, who had with them their personal belongings and some camping equipment.

While proceeding between the towns of Limon and Bennett in the State of Colorado, and while traveling in a northerly direction on Highway 281, Lopez attempted to stop his truck upon a wet and slipperly pavement, by applying his brakes. The truck spun around about three times and then turned over, injuring Herlinda Benavides, the wife of plaintiff, Guadalupe Benavides. At one place Lopez testified that he slammed on his brakes, and in another place he said that he put them on gradually. There were three grown persons and one child riding on the front seat with Lopez at the time of the accident.

Appellant's first and only point is as follows:

"The Appellant plead a joint and several cause of action for negligence against the Holly Sugar Corporation of Dallas County, Texas, and Conrado Lopez of Hidalgo County, Texas, and proved a prima facie case of negligence against the resident defendant, Conrado Lopez."

This point is insufficient, even if sustained by us, to justify a reversal of the judgment.

Before appellant could retain venue of this cause in Hidalgo County, he would be required to prove a cause of action based upon negligence against the resident defendant by a preponderance of the evidence. The trial court sustained the plea of privilege, thereby impliedly finding that the preponderance of the evidence did not establish a cause of action based on negligence against the resident

defendant. The evidence was probably sufficient to have justified the trial court to find either way, but certainly the evidence was not sufficient to require a finding of negligence and proximate cause in favor of appellant and against appellee. The fact that appellant might have established a prima facie cause of action is unimportant if the evidence was in dispute and the finding of the trial court was supported by sufficient evidence as it was here. There was a conflict in the testimony of Conrado Lopez. Texas Venetian Blind Co. v. Bond, 146 Tex. 212, 205 S.W.2d 977; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Hammonds v. Houston Electric Co., Tex.Civ.App., 169 S.W.2d 765.

The judgment is affirmed.