**LANE WOOD & COMPANY, Appellant,**

v.

**TUCKER–TODD, INC., Appellee.**

**No. 4823.**

Court of Civil Appeals of Texas.

Waco.

Aug. 14, 1969.

Rehearing Denied Sept. 11, 1969.

Ungerman, Hill, Ungerman, Angrist, Vernon O. Teofan, Dallas, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellee.

## OPINION

WILSON, Justice.

A nonresident corporate defendant appeals from an order overruling its plea of privilege in plaintiff's action joining two other defendants, alleged to be residents of the county of suit.

Plaintiff sued a resident corporation on a sworn account resulting from sale of lumber under Rule 185, Texas Rules of Civil Procedure. The petition alleged also that this resident defendant, a resident individual and appellant corporation converted to their use assets of the resident corporation of sufficient value to satisfy plaintiff's claim, and that the indebtedness existed when the conversion occurred. It was averred that the conversion was "with intent to defeat the claim" and was "a fraud against the right of plaintiff." Ex-emplary damages were sought under this count.

The controverting plea asserted venue was maintainable against the nonresident corporation in the county of suit under exceptions 4, 7 and 23, Art. 1995, Vernon's Ann.Civ.St. Only exception 4 is involved here, since there is no evidence of venue facts under the other two pleaded subdivisions of the statute.

■ The verified account sued on was not denied under oath as required by Rule 185, and the requisite venue fact under subd. 4 of Art. 1995 that plaintiff has a cause of action against the resident defendant is consequently established.

■ Whether the plea was properly overruled, therefore, depends on whether plaintiff alleged "a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits". Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302; Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477, 480. It is clear the cause of action alleged against appellant is not "a joint one" or one which grew "out of the same transaction" under these decisions and Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747, 749.

Plaintiff's sworn account action against the resident defendant is not "intimately connected" with the tort action sought to be alleged against appellant. They have no reasonable relation. The joinder of these two defendants does not comport with the gauge fixed by Rule 40, Texas Rules of Civil Procedure that there must be asserted against them "a right to relief in respect of or growing out of the same transaction, occurrence, or series of transactions or occurrences". Neither does it appear from the pleadings that "any question of law or fact common to them will

arise in the action", as that Rule prescribes.[1] They are diverse controversies.

The judgment is reversed. The action as to appellant is severed from the remainder of the cause, and is ordered transferred to the district court of Dallas County.

---

1. We do not necessarily subscribe to the distinction or basis for decision suggested by I, McDonald, Texas Civil Practice, Sec. 4.10.2, n. 29, p. 440, but our holding is consistent with the rule there stated. See id., Sec. 2.16, p. 216.