**BEE COUNTY COOPERATIVE ASSOCIATION et al., Appellants,**

v.

**Hayne F. DOMINY, Appellee.**

**No. 737.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1972.

Rehearing Denied Dec. 14, 1972.

Luther E. Jones, Jr., Corpus Christi, Newton & Handly, Jon P. Newton, Reese Wade, Beeville, for appellants.

McDonald, Spann & Smith, Ben F. McDonald, Jr., Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. Hayne F. Dominy of Nueces County, Texas, called plaintiff herein, filed suit in Nueces County against Bee County Cooperative Association of Bee County, Texas, called defendant Bee County Co-op and Edwin A. Fenner of Nueces County, called defendant subcontractor.[1]

---

1. Also joined as defendants were Houston Bank for Co-Operatives (a party believed by plaintiff to assert a lien claimed by plaintiff to be inferior to liens asserted

■ The Bee County Co-op and Tynan Co-op each filed pleas of privilege. The plaintiff controverted the pleas claiming venue under Subdivision 4 and 29a of Art. 1995, Vernon's Ann.Civ.St.[2] The trial court overruled both pleas of privilege and the defendant Co-ops have timely perfected their appeal.

Plaintiff contracted with Bee County Co-op to furnish labor and materials for construction of a grain receiving, handling and storage facility at a contract price of $161,025.00. The plaintiff subcontracted the foundation portion of the contract to defendant subcontractor whose task it was to excavate, form the foundation, fill and compact the site and complete all of the concrete foundation work. Plaintiff alleges that defendant subcontractor and Bee County Co-op worked together in preparing the fill and compaction. After completion of most of the facility, one of the tanks started to lean dangerously to one side indicating that the foundation was settling, allegedly because it had not been compacted properly. Plaintiff immediately undertook corrective actions consisting of pumping concrete and mud underneath the tank to stabilize the foundation. He incurred an additional expense of $10,374.44 to which defendant subcontractor contributed $3000.00. Plaintiff now claims he has performed under his contract with Bee County Co-op but it has withheld $17,142.-30 of the total price, stating that "the foundation work beneath the grain tanks is not of satisfactory workmanship, material and compactness". Plaintiff joined in his suit other defendants believing them to possess some sort of lien on the property.

Plaintiff wants those liens, if any, declared inferior to the liens he claims.

■ The appellants Bee County Co-op and Tynan Co-op's main contention is that venue cannot be sustained under Subdivision 4 of the Venue Statute because there is no cause of action alleged or proved against the one resident defendant (subcontractor). Subdivision 4 states that: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." A plaintiff must plead and prove a cause of action against the resident defendant to hold the cause in that defendant's county of residence under Subdivision 4. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm'n App. 1936, Op. adopted). It is undisputed that defendant subcontractor Fenner's residence is in Nueces County, Texas.

First, the defendant Co-ops contend that no cause of action has been alleged by the plaintiffs. They claim that the original petition states only a claim for indemnity against Fenner, the resident defendant subcontractor. They argue that plaintiff's controverting plea and his petition adopted by the plea was in fact a hypothetical cause of action incapable of being proved in a venue hearing. They state that the allegations of plaintiff's petition are such that plaintiff anticipates a loss due to defects in the foundation of the grain storage facility only if plaintiff loses his present suit against defendant Bee County Co-op. They say the pleadings show that plaintiff seeks a judgment over against the resident defendant subcontractor and that

by plaintiff) ; Tynan Co-Operative Gin Company (a party believed by plaintiff to claim some interest in the property against which plaintiff claims liens) ; and Southern Pacific Railroad Company (a party believed by plaintiff to claim some interest in the property against which plaintiff claims liens).

2. One of the parties Edwin Fenner, the defendant subcontractor, is a resident of

Nueces County. That circumstance makes Exception 29a inapplicable since Exception 29a relates only to suits brought in a county where no defendant resides but which can be maintained there against one defendant under some other exception. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942) ; 32 T.L.R. 441, Joinder of Parties under Subdivisions 4 and 29a.

the subcontractor will indemnify the plaintiff for the loss if the plaintiff's theory against Bee County Co-op is not allowed. They argue that this is a claim for indemnity; it is an unaccrued cause of action which does not satisfy the requirements of Subdivision 4 of Art. 1995.

The appellant Bee County Co-op relies upon City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518 (1904). This case, they say, supports the proposition that a hypothetical cause of action is not a presently accrued cause of action which the plaintiff could now separately and independently prosecute against the resident defendant subcontractor. Therefore, such a cause of action will not hold venue in Nueces County under Exception 4.

The *Talerico* case is distinguishable. In the case before us the plaintiff is suing the defendant Bee County Co-op and the resident defendant subcontractor. The defendant Bee County Co-op did not implead another defendant as was the case in *Talerico*. Plaintiff pleads a cause of action against defendant Bee County Co-op and in the alternative against the defendant subcontractor for a breach of contract and further in the alternative against the defendant Bee County Co-op and the defendant subcontractor jointly. This is permissible under Rule 40(a), Texas Rules of Civil Procedure. Plaintiff alleged that Bee County Co-op was withholding money due and owing to the plaintiff under a validly completed contract. Alternatively, plaintiff pleads that if, upon proof, the court should find that the foundation was improperly constructed then the same was caused by the fault of the defendant subcontractor. The plaintiff also alleged in the alternative that defendant Bee County Co-op and defendant subcontractor, while acting together and independently of the plaintiff, were responsible for the poor construction.[3]

The ultimate issue set forth by the pleadings is whether the project was properly completed in accordance with the contract. If the ultimate answer is "yes", then the defendant Bee County Co-op was improperly withholding the money and would be liable. If the answer is "no", then the defendant subcontractor performing the substandard work is liable; either individually liable for breaching the implied covenants of his contract with the general contractor plaintiff, or jointly liable for breaching the contract while working conjunctively with the defendant Bee County Co-op. Neither indemnity nor a hypothetical cause of action is in this case.

The real character of a lawsuit as a whole governs the venue. Milburn v. Minette, 278 S.W.2d 269 (Tex.Civ.App.—El Paso 1955). It is evident from the original petition that appellee is claiming in the alternative. He states that the contract was completed and therefore the balance of the contract price is due and owing and remains unpaid. Then, in his final paragraph, he claims that if the construction is not proper, so that Bee County Co-op has in fact properly withheld such money, then the subcontractor in charge of such construction is at fault. The case turns on whether the foundation was properly built. The resident defendant subcontractor is a party to that part of the cause of action. He is sued as such. The cause of action against defendant subcontractor is direct as well as alternative. Alternative allegations

---

3. The specific alternative language plead by the plaintiff was as follows: " . . . *the Plaintiff would show unto the court that if in fact there are any inaccuracies in the construction that cause the same to be other than in accordance with the plans* and specifications that the same are as a result of the workmanship of the Defendant Subcontractor, Edwin W. Fenner, and are in violation of the contractual agreements between the Plaintiff and such Defendant Subcontractor or they are the result of the combined actions of the said Defendant Subcontractor and Defendant Owner and accordingly, your Plaintiff here *sues* Defendant Subcontractor for such losses as a result of the aforesaid." (emphasis added)

**422**

are sufficient for the purpose of maintaining venue. Hairrell v. Texas Prudential Ins. Co., 203 S.W.2d 691 (Tex.Civ.App.— Dallas 1947, approved in Texas Venetian Blind Co. v. Bond, 146 Tex. 212, 205 S.W. 2d 977 (1947); Meeker v. W. M. & W. Well Servicing Co., 318 S.W.2d 678 (Tex. Civ.App.—San Antonio 1958). See also Taylor v. Jones, 244 S.W.2d 371 (Tex. Civ.App.—Texarkana 1951); Atlas Roofing Co. v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952).

■ Second, defendant cooperatives claim that the plaintiff failed to prove its cause of action. This contention is also without merit. The evidence showed that defendant Bee County Co-op has not paid the plaintiff the balance due under the contract, $17,142.30, which was a part of the agreed price; that defendant Bee County Co-op was withholding the money because the foundation was not constructed in a satisfactory workmanlike manner. The proof showed that the foundation subcontractor was the resident defendant Fenner. The defendant subcontractor was responsible for excavation, fill, compaction and concrete work. He was responsible for preparing the foundations, the area beneath the tanks and to see that the foundations were put in in accordance with the plans and specifications. It was proved that defendant Fenner subcontractor breached his contract.

■ The appellant Bee County Co-op further claims that the trial court erred in considering plaintiff's supplemental petition which was not a part of the controverting affidavit. The supplemental petition in question responded to defendant's answer. It did not set up a new and independent cause of action. A supplemental pleading as such permits the parties' earlier pleadings to stand with the same force and effect substantially unabated. See 45 Tex. Jur.2d, Pleadings § 72 et seq. Since we have held that the original petition sufficiently plead a cause of action, it was not necessary for the trial court or us to consider the supplemental petition. All of appellants' points of error are overruled.

Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in the result.