**Zola LEVITT, Appellant,**

v.

**INDEPENDENT MANAGEMENT COMPANY, Appellee.**

**No. A2480.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 30, 1980.

Dave Haigler, Dallas, D. B. Yarbrough, Houston, for appellant.

Karl A. Maley, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

Appellant Zola Levitt appeals from the trial court's overruling his plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff Independent Management Company, hereinafter IMC, had filed a controverting affidavit attempting to retain venue in the county of suit, Harris County, under exceptions 4 and 29a to the general venue statute, Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964), claiming proper venue because the second defendant, Donald B. Yarbrough, is a resident of Harris County. The trial court overruled the plea and Levitt appeals contending that the action against him must be transferred to the county of his residence because IMC failed to prove a cause of action against the resident defendant Yarbrough. We reverse the judgment of the trial court and hold that the cause of action against Levitt must be transferred to Dallas County.

In 1978 IMC, Levitt and Yarbrough entered into a contract whereby Levitt agreed to provide his services as an experienced author and Yarbrough agreed to provide the source of information toward writing a book on Yarbrough's life. IMC was to provide the financing for the project and advanced to Levitt $7,500.00, with an additional $7,500.00 placed in escrow for Levitt in a Dallas bank. IMC was dissatisfied with the product and sued Levitt and Yarbrough in Harris County to rescind the contract and, alternatively, for damages. Levitt's plea of privilege stated that he was, at all pertinent times, a resident of Dallas County and that no exception to the venue statute existed. IMC's controverting affidavit alleged that venue was proper in Harris County under subdivisions 4 and 29a of

the general venue statute. All parties appeared in person or by attorney at the hearing but no evidence was adduced. In its order on the plea of privilege, the trial court stated that Levitt's plea was overruled according to subdivision 4 of article 1995.

Subdivision 4 states that "[i]f two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. . ." In order to retain venue in the county of suit under subdivision 4, the necessary venue facts are: 1) pleading and proof that one of the defendants resides in the county of suit; 2) allegations of a joint cause of action against the resident and nonresident defendants and 3) pleading and proof of the cause of action against the resident defendant. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936). There was no proof offered at the hearing and absent proof of the above listed elements the plaintiff could not sustain his burden under subdivision 4. Thus, the trial court erred in ruling that venue was proper in Harris County.

Plaintiff also asserted subdivision 29a as a basis on which to retain venue in Harris County. That section states: "Whenever there are two or more defendants in any suit brought in any county in the State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." The Texas courts have interpreted that subdivision to mean that section 29a operates purely ancillary to other *exceptions* under 1995, and can never be invoked independent of another exception. "It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article." *Atlas Roofing Co. v. Hall*, 150 Tex. 611, 245 S.W.2d 477 (1952), *quoting Tarrant v. Walker*, 140 Tex. 249, 166 S.W.2d 900 (1943).

We are bound by the precedent of this widely accepted interpretation. If we were

not so bound, we would hold that subdivision 29a applies to resident and nonresident defendants. The first sentence of article 1995 fixes venue where the defendant resides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases . . . ." That phrase enunciates the general rule of venue and is a "provision" of Article 1995 certainly of equal strength with the exceptions. Exception 29a does not speak of suits maintainable in a county under the *exceptions* of Article 1995, but under its *provisions.* The legislative intent in passing exception 29a may have been to exclude resident defendants,[1] but we do not so read the language of that section.

Notwithstanding, under the authority of the judicial interpretations of 29a, venue is not proper in Harris County as to defendant Levitt because co-defendant Yarbrough is a resident of the county of suit.

Because no exception to the general rule of venue has been shown, the trial court erred in overruling Levitt's plea of privilege to be sued in the county of his domicile. The judgment below is reversed, and judgment is rendered transferring the cause of action as to Levitt to Dallas County.

Reversed and rendered.

---

1. R. McDonald, Texas Civil Practice § 4.10.1 (1965).