Elza PERKINS et ux., Appellants,

v.

ABILENE STATE SCHOOL et al.,
Appellees.

No. 3557.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1960.

T. R. Odell, Benjamin Kucera, Lubbock, for appellants.

Russell G. Poling, Austin, Frank D. McCown, Dumas, for appellees.

WALTER, Justice.

Elza Perkins and Marie Perkins filed suit in Taylor County against Abilene State School and The Deaf Smith County Welfare Board and its agent, Jewel Smith, alleging they were the natural parents of three girls who had been declared dependent and neglected children in the District Court of Deaf Smith County and that said children were now confined in the Abilene State School in Taylor County "against their will." They sought to modify the judgment decreeing said children to be dependent and neglected and obtain the future custody of said children. Abilene State School filed a plea in abatement alleging that no permission from the State to sue had been obtained. It also alleged it was not a necessary or a proper party. Abilene State School also pleaded that said children had been declared mentally retarded persons and committed to the jurisdiction of the Board for Texas State Hospitals and Special Schools. The Deaf Smith County Welfare Board and Jewel Smith filed pleas of privilege asserting they were residents of Deaf Smith County. The plaintiffs controverted the pleas and asserted they were entitled to maintain said suit in Taylor County under Subdivisions 4 and 29a of Article 1995.

The court sustained the plea in abatement and the pleas of privilege. The plaintiffs have appealed contending the court erred in sustaining the plea in abatement and the pleas of privilege.

The appellants introduced in evidence the original answer and amended answer of the appellee, Abilene State School. Said instruments had attached to them certified copies of the orders of commitment of said girls, a part of same being as follows: "It is further ORDERED that the Clerk of this Court shall prepare a transcript of the proceedings and evidence in this cause, certify the same, and deliver same to the Board for Texas State Hospitals and Special Schools, and that when said Board has notified this Court that the facilities are available for the receipt of said above declared mentally retarded person, said person shall be committed to the institution designated by said Board for Texas Hospitals and Special Schools, and this order shall serve as a commitment for said purpose." The parties stipulated that Abilene State School was situated in Taylor County and that said children were at the time of trial attending such school. The mother of

said girls testified that her children were attending such school and that she had visited them on occasions but was not permitted to take them from the premises. She further testified that when she visited them a guard brought them to the visiting room and escorted them back to their ward after the visit.

Subdivision 4 of Article 1995 provides, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." In order to maintain venue under subdivision 4, the plaintiff must establish by a preponderance of the evidence (1) that one of the defendants resides in the county where the suit is filed and (2) that he has a cause of action against the resident defendant. He must also allege facts showing that the non-resident defendant is properly joined in the suit but he need not prove a cause of action against the non-resident defendant. Ladner v. Reliance Corporation et al., 156 Tex. 158, 293 S.W.2d 758; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

We find the general and familiar rule of venue stated by our Supreme Court in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, 972, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

With reference to establishing venue facts under Subdivision 29a, our Supreme Court in Ladner v. Reliance Corporation et al., 156 Tex. 158, 293 S.W.2d 758, 763, has held as follows: "As stated in Compton v. Elliott, supra, proof of the venue facts is the price which the plaintiff pays for the benefit he expects to derive from the exception. It is our opinion that a plaintiff who relies on Subdivision 29a to

maintain venue of a defendant in the county of suit must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition."

This statement by Judge Gallagher was approved by the Commission of Appeals in Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 95: "Judge Gallagher, writing the opinion in Fagg v. Benners, (Tex.Civ.App.), 47 S.W.(2d) 872, 874, said: 'Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony.'"

We hold the appellant failed to plead and prove the essential venue facts to bring them under the exceptions pleaded. Appellants' point that the court erred in sustaining the pleas of privilege is overruled.

We sustain appellants' point that the court erred in sustaining Abilene State School's plea in abatement because this was not a suit against the state within the rule of immunity of the state from suit. See Cobb et al. v. Harrington et al., 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837.

The court found the Abilene State School was an improper and unnecessary party and dismissed it. Our Supreme Court in the case of Royal Petroleum Corporation et al. v. Dennis et al., 332 S.W.2d 313, 314 held: "Necessary parties to a suit are those who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment rendered therein. Veal v. Thomason, 138 Tex. 341, 159 S.W. 2d 472; Cook v. Pollard, 70 Tex. 723, 8 S. W. 512." Also in 32 Tex.Jur. 14, we find:

"And it is a general rule that every person who is liable in the circumstances, or interested in the subject matter or any part thereof, even though his liability or interest is not identical or even similar to that of the other parties, is a proper party." Under the pleadings and the evidence, we are of the opinion that Abilene State School was a necessary or a proper party. One of the objects of the suit was to obtain custody of the children from the Abilene State School.

The judgment is affirmed in part and reversed and remanded in part.