PAMS ADVERTISING AGENCY, INC., Appellant,

v.

Harry HARTLEY et al., Appellees.

No. 3990.

Court of Civil Appeals of Texas.

Waco.

April 26, 1962.

Passman, Jones & Whitener and Bill C. Hunter, Dallas, for appellant.

Seymour Lieberman, Marcus & Lewis, by Marvin Lewis, Dallas, for appellees.

McDONALD, Chief Justice.

This is a venue case involving exception 4 of Article 1995, Vernon's Ann.Civ.St. Plaintiff Pams Advertising Agency brought suit in Dallas County against United Motors, Ajax Motors, Harry Hartley, J. A. Bearfield, and International Motor Rebuilding Company, for some $7500. balance due plaintiff for advertising. Defendants United and Ajax are residents of Dallas County. Defendants Hartley, Bearfield and International are residents of Harris County. Defendants Hartley, Bearfield and International filed pleas of privilege to be sued in Harris County, the county of their residence. Plaintiff controverted, alleging venue in Dallas County under Subdivision 4, Article 1995, Vernon's Ann.Civ.St.

Trial was before the Court without a jury which, after hearing, sustained defendants Hartley, Bearfield and International's pleas of privilege and ordered the cause as to them transferred to Harris County.

Plaintiff appeals on 10 points, contending that the trial court erred in sustaining such pleas of privilege, and that venue was maintainable in Dallas County under Subdivision 4, Article 1995, Vernon's Ann.Civ.St.

Plaintiff plead that the 5 defendants *"expressly promised and agreed to pay to plaintiff for the (advertising) services performed, furnished, or caused to be furnished by Plaintiff,"* (and that same was not paid for).

The proof showed that the advertising services sued for by plaintiff were furnished to defendants United and Ajax; that defendants United and Ajax had become delinquent in paying their accounts to plaintiff, and that defendants Hartley, Bearfield and International (who were interested and desirous that United and Ajax continue in business) orally promised to pay the delin-

quent accounts, if plaintiff would continue to handle advertising for United and Ajax.

The trial court took the view that no cause of action was made in the pleadings against Hartley, Bearfield and International because they were guarantors and their promises would have to be in writing to be enforceable under Section 2, Art. 3995, Vernon's Ann.Civ.St.

Subdivision 4, Article 1995, Vernon's Ann.Civ.St., provides: "Defendants in different counties.—If 2 or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

Our Supreme Court construing such subdivision, held in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 that the venue requirements in such situations are: 1) To plead a cause of action against both the resident and non-resident defendants. 2) To prove a cause of action against the resident defendants. (Such case affirmatively holds that there is no requirement that the plaintiff, to maintain venue under exception 4, prove a cause of action against the non-resident defendant). See also: Atlas Roofing Co. v. Hall, Sup.Ct., 150 Tex. 611, 245 S.W.2d 477.

We think that plaintiff's pleading that the 5 defendants "expressly promised and agreed to pay to plaintiff for the services performed, furnished, or caused to be furnished by plaintiff"; and had not paid for some $7500. balance due for same, is sufficient to plead a cause of action against all 5 defendants.

As noted, the plaintiff proved a cause of action against United and Ajax. The fact that defendants Hartley, Bearfield and International were oral guarantors, and had a defense available to them under Sec. 2, Article 3995, Vernon's Ann.Civ.St., relates to the proof and cannot negate the fact that plaintiffs did in fact "plead" a cause of action. The Statute of Frauds (Sec. 2, Art. 3995, Vernon's Ann.Civ.St.) is a defense which must affirmatively be set forth. Rule 94, Texas Rules of Civil Procedure. Such does not have to be affirmatively negated by plaintiff. The failure to raise such defense results in a waiver of such defense. 26 T.J. Sec. 135, p. 305; Sec. 136, p. 307.

It follows that we think plaintiffs "plead" a cause of action against all 5 defendants, and proved a cause of action against United and Ajax, the resident defendants. Under the authorities, venue of the cause of action against all 5 defendants, lies in Dallas County.

The judgment of the trial court is reversed and judgment rendered in plaintiff's favor overruling such pleas of privilege.

Reversed and rendered.