**ASSOCIATES INVESTMENT COMPANY, Appellant,**

v.

**FIRST NATIONAL BANK IN CONROE, Texas, Appellee.**

No. 7590.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 4, 1964.

Rehearing Denied Aug. 25, 1964.

Patterson, McDaniel, Moore & Browder, Houston, for appellant.

Lynn Coker, McClain & Harrell, Conroe, for appellee.

FANNING, Justice.

A venue case. Appellee bank, as plaintiff, in the District Court of Montgomery County, Texas, sued Carl Walker, d/b/a Walker Motor Company, a resident of Montgomery County, Texas, Associates Investment Company, a corporation, a resident of Harris County, Texas, and also sued two other corporate defendants, residents of Harris County, Texas.

Defendant-appellant Associates Investment Company filed a plea of privilege to be sued in Harris County, Texas, the county of its residence. Appellant was the only party who filed a plea of privilege. Appellee bank duly controverted the plea. The trial court, after hearing the evidence adduced, overruled Associates' plea of privilege and it has appealed.

Appellee seeks to maintain venue in Montgomery County, Texas, under Subd. 4 of Art. 1995, Vernon's Ann.Tex.Civ.St.

Plaintiff-appellee's · petition alleges to the effect that it was requested by the resi-

dent defendant Walker to pay three drafts he had drawn or was to draw, against defendant-appellant Associates Investment Company, in the total sum of $7,410.43; that the said resident defendant on said occasion exhibited to appellee three manufacturer's certificates of motor vehicles, two of said certificates having been assigned from defendant, Rosenstock Motors, Inc., and the third having been assigned from defendant, Art Grindle OST Chrysler-Plymouth, Inc., to resident defendant Walker; that on said occasion Walker represented to appellee bank that he owned said above referred to motor vehicles, and it was further represented by Walker to appellee that he, Walker, had worked out a floor plan arrangement with defendant Associates Investment Company, by the terms of which Associates was to finance the floor plan transaction of each motor vehicle, and that it was Walker's desire to draw drafts on Associates for the prices of such motor vehicles, stating that Associates would accept such drafts. Plaintiff-appellee's petition further alleges that during the course of a telephone conversation between representatives of appellee and appellant that appellant Associates verified the representations made by Walker to appellee regarding the floor plan arrangement, with appellant further stating to appellee that the drafts made the basis of appellee's suit, if paid by appellee, would be honored by appellant, and that pursuant to said understanding appellee paid to Walker the total amount of the three drafts, the payment of which was later refused by appellant. Plaintiff-appellee further alleged that the drafts were again sent through and dishonored again, and that it has been unable to recover the money paid on the drafts, and that demands had been made for payment by appellee and that appellee had not been paid by anyone, hence the filing of the suit.

We quote in part from plaintiff-appellee's petition as follows:

"Plaintiff then stated to Associates Investment Company that the said Carl

Walker was then requesting that the three drafts as above referred to and hereinafter specifically described, be paid by said Bank and made inquiry of Associates Investment Company if Plaintiff should pay said drafts if Associates Investment Company would accept same, to which inquiry Defendant, Associates Investment Company, stated that it would, and instructed said Bank to send the drafts through to the Texas National Bank, 345, Houston, Texas.

"* * *

"Plaintiff further represents that the acts, conduct and representation upon the part of the defendant, Associates Investment Company, constitutes a promise upon the part of the Defendant, Associates Investment Company, to honor and pay said drafts so drawn by said Carl Walker and cashed by Plaintiff, as directed by Defendant, Associates Investment Company."

■ On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

In James v. Drye, supra, it was also stated in part as follows:

"In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, this Court, in answer to certified questions inquiring as to the allegations and proof necessary to sustain venue under Sec. 4, Art. 1995, said:

"'The first of these two venue facts, that one of the defendants resides in the county where the suit is pending, must be proven by affirmative evidence upon the hearing. Proof of it is not made by, or by the introduction of the allegations of the petition or of the controverting affidavit. The other of the two venue facts named by the terms of exception 4, that is, that the suit

is brought against two or more defendants, pertains to the nature of the suit. The reasonable inference is that a proper suit against two or more defendants is meant, that is, *a suit in which the defendants are properly joined.* It is essential that a plaintiff seeking to obtain the benefit of exception 4 allege in his petition a joint cause of action against the resident and non-resident defendants, *or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rules intended to avoid a multiplicity of suits. * * *'* (Emphasis added).

"In the case at bar it is alleged and was proved that the defendants Eagle Rock Corporation and Eagle Rock Ranch, Inc. were each corporations whose principal place of business was in Hays County, Texas. The allegations and proof were sufficient to allege and establish a cause of action on behalf of plaintiffs against Eagle Rock Ranch, Inc. and also Eagle Rock Corporation and the other James-defendants for an accounting and also for damages. The petition alleged a cause of action against resident defendants so intimately connected with the cause of action alleged against the nonresident defendants that it requires the two to be tried at one and the same trial in order to avoid a multiplicity of suits. McDonald, Texas Civil Practice, Vol. I, Sec. 4.10, pp. 339–341.

"What has been said above has been in discussion of the hearing on the plea of privilege, and, of course, is no decision of any issues which may arise on the trial on the merits.

"Judgment of the Court of Civil Appeals is affirmed."

In Pams Advertising Agency v. Hartley, Tex.Civ.App., 357 S.W.2d 764, no writ (1962), plaintiff sued United and Ajax, resident defendants and three non-resident defendants. The proof showed that the plaintiff furnished advertising to the resident defendants, and that they became delinquent in their accounts. The three non-resident defendants orally promised to pay the delinquent accounts if the plaintiff would continue to handle advertising for the resident defendants, and they became delinquent in their accounts. The trial court sustained the non-resident defendants' pleas of privilege. The Court of Civil Appeals in said case in reversing the judgment of the trial court stated in part as follows:

"The trial court took the view that no cause of action was made in the pleadings against Hartley, Bearfield and International because they were guarantors and their promises would have to be in writing to be enforceable under Section 2, Art. 3995, Vernon's Ann.Civ.St.

"Subdivision 4, Art. 1995, Vernon's Ann.Civ.St., provides: 'Defendants in different counties.—If 2 or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *'

"Our Supreme Court construing such subdivision, held in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300 that the venue requirements in such situations are: 1) To plead a cause of action against both the resident and non-resident defendants. 2) To prove a cause of action against the resident defendants. (Such case affirmatively holds that there is no requirement that the plaintiff, to maintain venue under exception 4, prove a cause of action against the non-resident defendant). See also: Atlas Roofing Co. v. Hall, Sup.Ct., 150 Tex. 611, 245 S.W. 2d 477.

"We think that plaintiff's pleading that the 5 defendants 'expressly promised and agreed to pay to plaintiff for

the services performed, furnished, or caused to be furnished by plaintiff'; and had not paid for some $7500. balance due for same, is sufficient to plead a cause of action against all 5 defendants.

"As noted, the plaintiff proved a cause of action against United and Ajax. The fact that defendants Hartley, Bearfield and International were oral guarantors, and had a defense available to them under Sec. 2, Art. 3995, Vernon's Ann.Civ.St., relates to the proof and cannot negate the fact that plaintiffs did in fact 'plead' a cause of action. The Statute of Frauds (Sec. 2, Art. 3995, Vernon's Ann.Civ.St.) is a defense which must affirmatively be set forth. Rule 94, Texas Rules of Civil Procedure. Such does not have to be affirmatively negated by plaintiff. The failure to raise such defense results in a waiver of such defense. 26 T.J. Sec. 135, p. 305; Sec. 136, p. 307.

"It follows that we think plaintiffs 'plead' a cause of action against all 5 defendants, and proved a cause of action against United and Ajax, the resident defendants. Under the authorities, venue of the cause of action against all 5 defendants, lies in Dallas County.

"The judgment of the trial court is reversed and judgment rendered in plaintiff's favor overruling such pleas of privilege."

In the case at bar there is no contention made by appellant that no cause of action was proven against the resident defendant Walker. There is ample evidence of probative force in the record to show that appellee proved a cause of action as alleged against the resident defendant Walker and ample proof was made that defendant Walker was a resident of Montgomery County, Texas.

We further hold that plaintiff-appellee's petition alleged a cause of action against the resident defendant Walker so intimately connected with the cause of action alleged against the non-resident defendant-appellant that it requires such causes of actions to be tried at one and the same trial in order to avoid a multiplicity of suits. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959); Atlas Roofing Company v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952); McDonald, Texas Civil Practice, Vol. 1, Sec. 4.10, pp. 339–341.

As stated in James v. Drye, supra, what has been said above has been in discussion of the hearing on the plea of privilege, and of course, is no decision of any issues which may arise upon the trial on the merits.

The judgment of the trial court is affirmed.