Pat BYRUM et al., Appellants,

v.

Wendell STACY et al., Appellees.

No. 7868.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 16, 1968.

Albert Smith, Lubbock, for appellants.

Willard G. Street, Jr., Kirby & Ratliff, Littlefield, for appellees.

CHAPMAN, Justice.

This is a venue case.

Wendell Stacy, tenant under a ⅔ and ¾ farm rental contract and W. O. Stacy, his

landlord, filed suit in Hockley County against Pat Byrum, dba Anton Fertilizing and Chemical and Pennsalt Chemical Corporation for damages to unopened cotton bolls on approximately 82 acres of the Stacy cotton in said county. They alleged that Byrum was negligent in applying an improperly mixed defoliant[1] solution, in improperly applying it and in using a defective product. They alleged Pennsalt was negligent in manufacturing and selling "a defective chemical, to wit arsenic acid as a defoliant" and in failing to furnish proper instructions to its purchaser, sellers, jobbers or retailers concerning the mixing and applying of the acid.

Defendant Byrum lives in Hockley County and the domiciliary residence of the corporation is Brazos County. Pennsalt filed its plea of privilege to be sued in its home county. The Stacys controverted, alleging numerous exceptions to exclusive venue, including Exception 4 to the General Venue Statute, Art. 1995[2], Vernon's Ann.Civ.St., The plea of privilege of Pennsalt was overruled and it has brought this appeal.

By its two points, appellant asserts the plaintiffs failed to establish a cause of action of any kind which would entitle them to maintain venue in Hockley County against it and no cause of action against Byrum was established such as to entitle them to maintain their suit in Hockley County against it.

It is conceded by all parties that in order to sustain venue in Hockley County the plaintiffs had to prove a cause of action against the resident defendant but only had to allege a cause of action against Pennsalt. Members Mutual Ins. Co. v. Carroll, 332 S.W.2d 581 (Tex.Civ.App.—Eastland, 1960) and cases there cited; Perkins v. Abilene

State School, 345 S.W.2d 574 (Tex.Civ. App.—Eastland, 1960).

Our court has held that in order to maintain venue under Exception 4 over the non-resident defendant, the plaintiff must show such defendant is a proper or necessary party. Snyder v. Johnson, 237 S.W.2d 740 (Tex.Civ.App.—Amarillo, 1950), mandamus denied Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136 (1951). We hold the record shows it to be a proper party.

Pennsalt was alleged to be negligent by marketing a defective defoliant product, to wit arsenic acid and in failing to give proper instructions for mixing and applying same when used as a defoliant. Sec. 402A, American Law Institute's Restatement of the Law of Torts (2d Ed.) provides in part that one who sells a product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if the seller is engaged in the business of selling such a product and it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. See also McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup., 1967). The evidence shows the product was in sealed containers when it reached the hands of the consumer.

Pennsalt was shown to be a proper party by the allegations stated in the first paragraph hereof, the allegations that the acid was released for sale as a defoliant by Pennsalt, and by the proof that such defective product was purchased by Byrum from a supplier, sold by him to Stacy and applied by representatives employed by him (Byrum) working under his supervision

---

1. Since the briefs refer to arsenic acid as a defoliant, we shall do so but we believe it is generally considered in the chemical profession as a desiccant rather than a defoliant. McPherson v. Billington, 399 S.W.2d 186, (Tex.Civ.App.—Amarillo, 1966).

2. Exception 4 provides in part as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

and control, that it came from the manufacturer into his possession in sealed containers, and that the damage to the bolls was caused by the arsenic acid.

■ Where a plaintiff's proof shows a cause of action against the resident defendant so intimately connected with the cause of action alleged against a non-resident defendant that they would have to be tried at one and the same trial to avoid multiplicity of suits, the cause may be brought against both in the county of the resident defendant. Associates Investment Co. v. First National Bank in Conroe, 381 S.W. 2d 717 (Tex.Civ.App.—Texarkana, 1964, writ dism'd).

■ Wendell Stacy testified in effect that he discovered the damage to the green bolls about a week after the chemical was applied and there had been no freezing weather, frost or hail which could have caused the damage. Mr. Byrum testified the damage to the bolls could have been caused by premature application, frost or wilt. The court, as the trier of the facts, had the right to disregard the Byrum testimony just related because it is the province of the factfinder to resolve conflicts and inconsistencies in the testimony of a witness or between witnesses. Richey v. Chicago, Rock Island & Pacific Railroad Co., 420 S.W.2d 193 (Tex.Civ.App., 1967) and cases there cited under Syl. 2. Wendell Stacy also testified his contract with Byrum was a turn-key proposition, with the seller furnishing the chemical and having it applied. He also testified the unopened green bolls "were seemingly penetrated with this chemical and went into the boll, ate into the boll and went into the lint", and the bolls were completely ruined for all purposes. Mr. Byrum corroborated part of that testimony as follows:

"Q. And did you apply this defoliant or have it done?

A. I had it done.

Q. And you employed the representatives to do it?

A. Yes, sir.

Q. And they were working for you?

A. Yes, sir.

Q. And you furnished the chemical?

A. Yes, sir.

\* \* \* \* \* \*

Q. Was this applied under your supervision and control?

A. Yes, sir."

■ When Pennsalt filed its plea of privilege it placed the burden on the plaintiffs to plead and prove that the case is within one of the exceptions to exclusive venue. Collins v. F. M. Equipment Co., 162 Tex. 423, 347 S.W.2d 575 (1961).

■ Exceptions to the venue statutes must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. Watkins v. McCluskey, 284 S.W. 2d 381 (Tex.Civ.App.—Eastland, 1955); Brown v. Clary, 315 S.W.2d 385 (Tex.Civ. App.—Austin, 1958); Old Lincoln Mutual Fire Ins. Co. v. Hall, 214 S.W.2d 203 (Tex. Civ.App.—Dallas, 1948).

■ As we interpret appellants' points they are of the "no evidence" variety. Therefore, in considering them " \* \* \* the Court of Civil Appeals is required to follow the rule, which, in effect, says: If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding." Banks v. Collins, 152 Tex. 265, 257 S.W. 2d 97 (1953). We believe the application of the legal principles herein stated to the facts above related clearly established Exception 4, even though strictly construed, and thus requires us to sustain the factfinder. The judgment of the trial court is affirmed.