**H. E. BUTT GROCERY COMPANY, Appellant,**

v.

**Gloria Jean KEEBLE et vir, Appellee.**

**No. 445.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 7, 1969.

Rehearing Denied Sept. 4, 1969.

Lewright, Dyer & Redford, W. N. Woolsey, Corpus Christi, for appellant.

Robert Seerden, Victoria, for appellee.

OPINION

NYE, Justice.

This is a venue case. Plaintiff Gloria Jean Keeble filed suit against H. E. Butt Grocery Company and one of its employees, Milton Bain. From an order overruling defendant Grocery Company's plea to be sued in Nueces County, the county of its residence, it has perfected its appeal to this Court. Subdivisions 4, 9 and 29a of Art. 1995, Vernon's Ann.Civ.St., are involved.

Plaintiff's petition alleged, that her suit was based upon a crime, offense, or trespass committed by the defendant or its agent or representative in Victoria County, Texas, by falsely imprisoning the plaintiff and restraining her from her liberty and freedom. Additionally, plaintiff alleged that defendant's employee, while acting within the course and scope of his employment, subjected the plaintiff to wrongful and illegal searches and seizures of various personal items belonging to her; and that all of such wrongful acts were a direct and proximate cause of her injuries and damages.

Appellant's points of error under subdivisions 4 and 9 of said Article are that plaintiff had no cause of action for false arrest, crime or trespass against the resident defendant Milton Bain and that as a matter of law the alleged cause of action could not be the proximate cause of plaintiff's asserted injuries and damages.

It was established without dispute that Milton Bain, a co-defendant of appellant was a resident of Victoria County and that the Grocery Company is a proper party to plaintiff's suit against the resident defendant. Therefore, the essence of appellant's complaint is whether or not the plaintiff has a bona fide claim against the resident defendant.

On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the judgment of the trial court. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959). If there exists evidence of sufficient probative force to support the judgment, it should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). Therefore, a summary of the relevant evidence viewed most favorably on the part of the plaintiff is necessary to put the questions of a bona fide claim and proximate cause of plaintiff's damages in their proper prospective.

One Monday morning plaintiff was shopping in appellant's grocery store. She had with her two very small children. On the preceding Saturday she had completed her weekly shopping at this store, including the purchase of some cosmetics. Her purpose for shopping this particular morning was to exchange the cosmetics, to see about stockings that had been set aside for her, and to purchase a few needed items from the grocery department. One of appellant's employees, Mary Evelyn Marshall, was working in the drug department. Plaintiff had a conversation with her concerning the makeup to see if they had any different shades that would be more to her liking than the cosmetics she had previously purchased. Mrs. Marshall was quite busy at this particular time, whereupon the plaintiff inspected the cosmetics herself, deciding to take several items which she put in her basket. Later she returned the items

to the drug department as she was unable to exchange the cosmetics for anything more to her liking. She then checked out of the store.

Milton Bain, one of the original defendants and an employee of appellant, stopped the plaintiff as she was leaving, and asked her if she would return to the inside of the store with him. Plaintiff said that she was under the impression that he was going to get the stockings that she had previously left at the store. However, after she got into the store Bain's attitude promptly changed. He accused her of having taken something that she had not paid for. A discussion developed. Plaintiff thought he meant that maybe she had something that she had not been charged for, or that the checker had made some mistake. However, it soon developed that Bain was adamant that plaintiff had something in her purse that didn't belong to her. He said that he had seen plaintiff place something in her purse without paying for it. Bain grabbed hold of her arm and invited her to go to the back part of the store, whereupon she jerked away from him and screamed that she was not going to the back of the store under any circumstances. She testified that his actions "scared me to death." He then asked her if he could look into her purse. She said "No". Whereupon, he grabbed her purse, took it away from her, and searched through the contents of the purse. Being unsatisfied with the search he opened the purse fully and dumped all the contents out on the counter. Plaintiff testified that the act of dumping all of the contents of her purse all over the place embarrassed her a great deal as she had a number of personal female items that she did not wish to have exhibited. Thereafter, the manager of the store entered into the conversation and the language became rather loud to the extent that the plaintiff said that they were bullying her around.

■ Plaintiff told them that she had an obligation to meet a neighbor's child who was coming to her home from school at 12:00 o'clock noon. She asked them to let her use the telephone. They refused to do so. As she moved around to get to the phone, Mrs. Marshall blocked her way. They then told her that they were going to call the police. The store manager left on the pretext of calling the police but never did return to the scene. Defendant Bain continued talking about the cosmetics for well over an hour, sometimes getting very mad. Plaintiff testified that they detained her for what seemed like two hours, although she thought it was more like one hour. Finally, when it got to be close to 12:00 o'clock and since the police had not arrived, nor had the store manager returned, plaintiff told Bain that she just had to leave to meet this child. She told them that the police could come to her home. They knew her address. The police never did come to plaintiff's home. After about an hour and a half she called back to the store and inquired of Mr. Bain whether the police were coming. He told her to forget about it. There was no proof in the record that the plaintiff had stolen anything or that anything was missing from appellant's store.

■ Under subdivision 4 of the venue statute plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide claim against the resident defendant. 1 McDonald Texas Civil Practice, § 4.10.2, pp. 434–444. The constituent elements of the crime of trespass and civil tort of false arrest or false imprisonment is defined in the Vernon's Ann. Texas Penal Code, Art. 1169, as follows:

"False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, or by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

Although the resident defendant Bain did not physically detain the plaintiff or lock her up, the evidence is that he did by use of

language and by other means, and by actions of other employees under his supervision, restrain Mrs. Keeble sufficiently against her will and consent to satisfy the trespass of false imprisonment under the venue statute. It is apparent from the evidence that Bain was using all means possible to get the plaintiff to admit that she had done something wrong. Concerning the long wait for the police to arrive, appellant's attorney asked plaintiff if she wasn't just waiting around so as to clear her name or to tell her side of the story. She said no, that she was "afraid to leave".

Appellant contends that the evidence shows that as a matter of law that the detention of the plaintiff was specifically authorized by law under Article 18.22 of the Vernon's Ann.Texas Code of Criminal Procedure which provides that:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

We have reviewed all of the evidence and hold that Mrs. Keeble's detention was not based upon reasonable grounds. The code did not authorize Bain to grab Mrs. Keeble's arm and attempt to get her to go to the back of the store. It did not authorize Bain to take Mrs. Keeble's purse against her will and to ransack through it and thereafter throw all of the items, including some of her personal things into full view of everyone in the store. It did not authorize the store manager to use loud language accusing her of committing a wrong, threatening to call the police and leaving the plaintiff in the company of two other employees, but never returning. The act does not justify blocking and refusing to permit the plaintiff to use the telephone for the purpose of locating or looking after minor children trusted to her care. Nor does the act contemplate delaying the person at a store for at least an hour, on the guise that the "police are coming". Mrs. Keeble was never taken before a magistrate nor delivered to a peace officer. We hold that from the evidence the trial court was correct in finding that defendant Bain committed within the scope and course of his employment an act or acts that gave the plaintiff a cause of action maintainable in Victoria County against Bain's employer under Subdivision 4, Article 1995, V.A.C.S.; and further that an action of trespass by virtue of false imprisonment and assault was properly found to have occurred within Victoria County, Texas, within the contemplation of Subdivision 9, Art. 1995, V.A.C.S.; 1 McDonald Texas Civil Practice, § 4.15 et seq., pp. 467–475.

Appellant contends that the alleged false arrest, trespass or assault could not be the proximate cause of plaintiff's asserted injuries and damages. From the record it is clear that prior to and after the occasion in question plaintiff was inflicted with an emotional psychoneurotic disorder. Plaintiff went to the hospital the day after the occasion in question for approximately a week, and had been under doctor's care continuously since the time of the occurrence in question until the time of trial. Her testimony was that she had been much improved from her prior condition until the incident that gave rise to this suit. Appellant argues that under the holding in Kaufman v. Miller, 414 S.W.2d 164 (Tex. Sup.1967) that as a matter of law no proximate cause can exist in a neurosis case where the neurotic or psychotic reaction flows from a prior condition of the injured party, which condition was unknown to the defendant. This is not exactly so. The Supreme Court did hold that even though a jury might find, based upon sufficient evidence, that the plaintiff was suffering from a serious and disabling nervous disorder as a direct result of a tort which was caused by the defendant's negligent act and/or

omissions, there must also be present the additional second element of proximate cause and that is the "foreseeability element." This essential element is keyed to foreseeability of consequence. Even though the court stated that it would deal with these kind of cases on a case by case basis, we do not believe that the Kaufman case bears any close similarity to the case before us. Even a normal individual would be damaged to some degree as was the plaintiff, under these same or similar circumstances. The amount and the degree are to be left to the sound discretion of the court or the jury under proper instructions, upon final trial of this case.

The appellee concedes that section 29a, Art. 1995, V.A.C.S., is not applicable in this case. We hold that the plaintiff has been damaged and that venue for such cause is properly maintainable in Victoria County, Texas.

Judgment of the trial court is affirmed.