**JEFFERSON CHEMICAL COMPANY, Inc., et al., Appellants,**

v.

**FORNEY ENGINEERING COMPANY, Appellee.**

**No. 15710.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 18, 1971.

Rehearing Denied May 6, 1971.

Wandel & Bousquet, Thomas G. Bousquet, J. Philip Wandel, Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, John M. O'Quinn, Houston, for appellant Jefferson Chemical Co., Inc.

Powell, Tucker, Kain & Reedy, John O. Kain, Houston, for appellant Automatic Switch Co.; A. D. Dyess, Houston, of counsel.

Thomas S. Terrell, Houston, for appellant Texaco, Inc.; Sewell, Junell & Riggs, Houston, of counsel.

David Bland, Houston, for appellee; Barrow, Bland & Rehmet, Houston, of counsel.

COLEMAN, Justice.

Plea of privilege case. Jefferson Chemical Company, Inc. (Jeffco) brought suit in Harris County against Texaco, United Gas Company (United), Stone and Webster

Engineering Company (Stone), Rockwell Manufacturing Company (Rockwell), Forney Engineering Company (Forney), Automatic Switch Company (Asco), Bettis Corporation (Bettis), Bailey Meter Company (Bailey), and American Western Company. Jeffco sought damages against Texaco and United for breach of contract and negligent failure to warn, and against the other defendants as suppliers of defective materials. Texaco and Asco filed cross-actions for indemnity and contribution. Forney, appellee here, timely filed its plea of privilege to be sued in its county of residence, Dallas County. The plea was timely controverted, and at a hearing sustained. This is an appeal from the order of the district court sustaining Forney's plea of privilege.

Jeffco attempted to maintain venue in Harris County under Subdivision 4 of Art.1995, Texas Revised Civil Statutes Annotated. Subdivision 4, in its relevant parts reads: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Jeffco urges that a cause of action was proved against one or more resident defendants, and that the cause of action is joint with that stated against Forney. Forney, on the other hand, urges that no cause of action was proved against a resident defendant, but that even if one were, they are not joint with the cause alleged against Forney.

This suit arose as the result of a gas explosion in the waste heat boiler at Jeffco's Port Neches plant on August 28, 1967. Texaco and United were named as defendants as suppliers of natural gas to Jeffco, and the other defendants were in one way or another involved because they manufactured, sold, assembled, or installed parts of two safety valve systems designed to terminate the supply of natural gas to the waste heat boiler. It is uncontroverted that these systems failed to work.

From the evidence it appears that Texaco, through a United pipeline, was the contractual supplier of natural gas to Jeffco.

United shut down a portion of the pipeline involved here. Employees of United had orally advised Texaco employees of the shutdown plans five days prior to the actual shutdown. Two other telephone calls by United employees, on the Friday before, and the Monday of, the week of the shutdown, confirmed the shutdown. Written notice of the shutdown was not received by Texaco until two days after the shutdown. Texaco's contract with Jeffco called for a continuous supply of gas at a specified pressure.

On Monday the 28th, the day of the shutdown and the explosion, the large turbine at Jeffco was noticed to be slowing down. All attempts to start it failed and it was then noticed that the gas pressure was down drastically and falling steadily. Without the turbine, a large sector of Jeffco's plant would have to shut down. This shutdown was commenced shortly after the attempts to restart the turbine failed. The waste heat boiler, the location of the explosion, is run by using exhaust heat from the turbine supplemented by gas burners. A Jeffco employee went to the waste heat boiler and through peep-holes ascertained that there was no flame at the burners. He threw switches to electrically cut off the gas supply to the burners. He was in the process of manually closing shutoff valves when called by his supervisor to aid in securing another system. Shortly thereafter there was an explosion. A lazy flame was seen at the end of one of the gas jets in the now-destroyed waste heat boiler. When the manual valve was closed, the flame went out.

The defendants other than Texaco and United are all involved in some way with two safety valves, connected in series, which failed to operate to shut off the gas to the waste heat boiler. Jeffco's theory of how the explosion took place is that the safety valves failed to shut off the dwindling gas supply to the waste heat boiler. As a result, the residual pressure in the gas line was sufficient to induce gas into the waste heat boiler which exploded when

the proper mixture of gas and air and heat was reached. Jeffco alleged negligent design, manufacture and installation of the specially designed safety valve systems.

■ Jeffco's first point of error is that the trial court erred in sustaining Forney's plea of privilege because the evidence admitted, together with the reasonable inferences to be drawn therefrom, proved a cause of action against a resident defendant that was joint with the cause alleged against Forney.

The requirements to maintain venue in Harris County under Subdivision 4 are (1) that one defendant resides in the County of suit; (2) that the plaintiff alleges in his petition a joint cause of action against the resident and non-resident defendants or a cause of action against the resident defendant so intimately connected with the cause of action against the non-resident defendant that the two may be joined under the rules intended to avoid a multiplicity of suits; and (3) the plaintiff must plead and prove that he has in fact a cause of action against the resident defendant. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

Forney stipulated that Texaco was a resident of Harris County, and also stipulated to jurisdictional damages. Forney's main argument is that even if a cause of action against Texaco was proved by a preponderance of the evidence for breach of contract, that such is not joint or so intimately connected with the cause of action alleged against Forney so as to bring this suit under the provisions of Subdivision 4.

It appears from the largely undisputed evidence that Texaco breached its contract with Jeffco in that it did not either maintain a continuous supply of gas at a specified pressure to Jeffco or warn Jeffco that it would not be able to comply as contemplated by the contract. Forney attempts to rely on a "force majeure" clause in the Jeffco-Texaco contract to exonerate Texaco. While it appears that this situation is not within the contemplation of that clause at all, at best it is a defensive matter, and therefore is not relevant to the question of whether Jeffco proved a cause of action against Texaco for breach of contract. Jeffco has the burden of proving a cause of action against Texaco by a preponderance of the evidence. H. E. Butt Grocery Co. v. Keeble, 444 S.W.2d 358 (Tex.Civ. App.—Corpus Christi 1969, no writ). Jeffco does not have to rebut a purely defensive theory which could be advanced by Texaco. Pam's Advertising Agency, Inc. v. Hartley, 357 S.W.2d 764 (Tex.Civ.App. —Waco 1962, no writ); Strait Bros. v. Chaney, 209 S.W. 219 (Tex.Civ.App.—San Antonio 1919, writ den.).

As a part of its cause of action Jeffco was required to prove that Texaco's breach of contract or negligence was a proximate cause of the damage it suffered. In support of the judgment, we presume that the trial court found that there was insufficient evidence to establish proximate cause.

Had Jeffco proved a cause of action against a defendant who is a resident of Harris County, Jeffco need only prove additionally that the cause is joint or so closely related to the cause stated against Forney as to bring into consideration the rule intended to avoid a multiplicity of suits. Clearly, Jeffco need not prove its cause against Forney. Stockyards National Bank v. Maples, supra.

Forney urges that even if Jeffco has proved by a preponderance of the evidence that it has a claim against Texaco, a resident defendant, that claim is not joint or even closely related to the claim stated against Forney. The claim against Forney, it is urged, sounds fundamentally in tort, for negligent design and implied warranty, while the claim against Texaco is basically for breach of contract. Forney urges that these two different types of claims are not capable of being joint or even joined in the same lawsuit.

There are two lines of authority on this view in Texas. See: 1 McDonald, Texas

Civil Practice, § 4.10.2, pp. 434–441 (1965). Assuming that the distinction between the nature of the suit stated against Texaco and that stated against Forney is real and substantial, and that, in fact, the Forney cause is one sounding only in tort, while the Texaco cause sounds only in contract, still the better reasoned line of authority permits joinder. The leading case on this subject is Atlas Roofing Company v. Hall, 150 Tex. 611, 245 S.W.2d 477 (1952). The case involved a plea of privilege and Subdivision 4 of Article 1995. There were resident defendants alleged to have breached a contract and a non-resident defendant alleged to have wilfully caused the contract breach, an action clearly sounding in tort. In such respect, the case is similar to the instant case. The Supreme Court held the actions were properly joined under Subdivision 4, and the plea should have been sustained. The Court stated:

> "It is the policy of the law to avoid such a condition [multiple suits with attendant delay and cost], and where there is a joint cause of action, the venue will lie in a county where one or more of the defendants reside, if sufficient facts are alleged and proved to make out a case against the resident defendant or defendants, or where, as here, if sufficient facts are alleged and proved to make out a case against the resident defendants and the cause of action against the non-resident defendant is so closely related to the cause of action against the resident defendants that the two may be joined to avoid a multiplicity of suits." 245 S.W. 2d at 480.

No mention is made of suits sounding in tort or contract.

Further interpretation of the necessary "jointness" is supplied by James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959) where the court held that a plea of privilege was properly overruled under Subdivision 4 when the causes of action arose out of the same transaction or series of related events. See McDonald, supra, at p. 438;

Vines v. Harry Newton, Inc., 445 S.W.2d 260 (Tex.Civ.App.—Houston, 1st Dist., 1969, writ dism'd); Byrum v. Stacy, 432 S.W.2d 590 (Tex.Civ.App.—Amarillo 1968, no writ); Associates Investment Company v. First National Bank in Conroe, 381 S. W.2d 717 (Tex.Civ.App.—Texarkana 1964, writ dism'd), and McCollum v. Merchants Factors Corp. of Texas, 358 S.W.2d 183 (Tex.Civ.App.—Dallas 1962, no writ).

The pleadings of Jeffco allege a causal link between the alleged contract breach by the resident defendant, Texaco, and the failure of the safety switches to close, resulting in the explosion. Forney was admittedly one of the manufacturers and assemblers of one of the safety valves which failed to close. The link between the Texaco cause and the Forney cause is sufficiently close to bring the entire suit under Subdivision 4.

Similarly, once venue is properly established in Harris County as to Texaco and Forney, venue of all cross-actions, counter-claims and claims for indemnity and contribution filed by the several defendants herein can properly be maintained in Harris County. Cape Oil Company v. Williams, 427 S.W.2d 122 (Tex.Civ.App.—Tyler, 1968, no writ); Downing v. Laws, 419 S.W.2d 217 (Tex.Civ.App.—Austin, 1967, writ ref'd n. r. e.); Luse v. Union City Transfer, 324 S.W.2d 935 (Tex.Civ.App. Waco 1959, writ dism'd); Service Drilling Co. v. Woods, 120 S.W.2d 608 (Tex.Civ. App.—Austin 1938, no writ).

■ Jeffco's second point of error complains of the action of the trial court in sustaining an objection to a hypothetical question propounded to Jeffco's expert witness. The question was apparently designed to establish by the expert's answer a causal link between the failure of the gas supply, the failure of the safety valves, and the explosion.

The witness was qualified as an expert. The question was long, and asked the expert to assume as true certain facts elicited

during the previous testimony. All of the facts assumed in the question were either uncontroverted or could properly be inferred from the testimony. After a general objection was sustained to the question, counsel for Jeffco, and other counsel in the case, attempted to rephrase the question to meet the objection, without success. They were unable to determine what part of the question was objectionable, and we are unable to state with certainty the ground for objection sustained by the trial court.

The trial court erred in refusing to admit the testimony of Mr. Noble in answer to hypothetical questions put to him by Mr. Bousquet.

A question is not necessarily improper because it includes only a part of the facts in evidence, provided it embraces enough of them to enable the witness to formulate an intelligent opinion.

"The question need not embrace all the facts under the conflicting theories of the case; each party may embody in his questions those facts which the evidence may tend to support." Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955 (1935).

A witness cannot be permitted to express in the form of an expert opinion a legal conclusion which answers the ultimate issue to be decided, but an expert may express an opinion in the field of his qualifications as to a fact that is to be submitted to and determined by the trier of fact. Such testimony is admitted to aid, and not to control, the trier of fact in the determination of the issue. Loper v. Andrews, 404 S.W.2d 300 (Tex.1966); Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332 (1938); Hooten v. Dunbar, 347 S.W.2d 775 (Tex.Civ.App.—Beaumont 1961, writ ref'd, n. r. e.). See McCormich, Some Observations upon The Opinion Rule and Expert Testimony, 23 Tex.Law Review 109.

A duly qualified expert witness is entitled to express an opinion, within his field of expertise, on causation, from facts testified to by other witnesses and from physical facts. Bolstad v. Egleson, 326 S.W.2d 506 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); Lenger v. Physicians' General Hospital, Inc., 455 S.W.2d 703 (Tex. Sup.1970).

The case was tried to the court without a jury. Jeffco proved by a preponderance of the evidence all of the necessary elements of a cause of action against Texaco, with the exception of proximate cause. While a favorable finding on the issue of proximate cause would have found support in circumstantial evidence, the state of the evidence was not such as to require such a finding. The excluded testimony was pertinent to the issue of causation. The exclusion of this testimony was error and probably resulted in the rendition of an improper judgment.

Reversed and remanded.