Joe Ed PULLIN, Appellant,

v.

Charles H. SCHLUETER, Guardian of the Estate of Lennard Schlueter, Appellee.

No. 13–83–390–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1983.

Steven D. Browne, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellant.

Bruce M. Miller, Tinsman & Houser, Inc., San Antonio, for appellee.

Before KENNEDY, BISSETT and YOUNG, JJ.

## OPINION

KENNEDY, Justice.

This is a venue case. Appellee brought suit in his capacity as guardian for his incompetent son against appellant and Billy R. Moore, d/b/a B & E Construction Company, for personal injury suffered by his son as a result of an automobile collision which occurred in Karnes County. The suit was filed in Nueces County, the county of residence of defendant Billy R. Moore, d/b/a B & E Construction Company. Appellee sued appellant and the other defendant for negligence. Appellant filed a plea of privilege to be sued in San Patricio County. Appellee controverted appellant's plea of privilege alleging that venue was proper in Nueces County under Tex.Rev.Civ.Stat. Ann. art. 1995 § 4 (Vernon 1964) (Amended 1983). After considering the testimony and documentary evidence tendered by the parties, the trial court denied the appellant's plea of privilege. We affirm.

The facts establish that on July 20, 1980, Lennard Schlueter was injured in a two-car intersection collision in Karnes County, Texas. Appellant was the driver of the vehicle which was struck by the vehicle in which Lennard Schlueter was a passenger. At the time of the collision, Billy R. Moore, d/b/a B & E Construction Company was engaged in highway repairs in the vicinity of the collision. As a result of the collision, Lennard Schlueter was so severely injured as to require the appointment of Charles H. Schlueter, the appellee, as his guardian. Appellee brought suit against appellant for various negligent acts concerning the operation of his motor vehicle and against Billy R. Moore d/b/a B & E Construction Company for negligently placing signs and/or barricades which obstructed the view of appellant and were a proximate cause of the collision.

Subdivision 4 of art. 1995 provides, in part:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides...."

This Court has held that under subdivision 4 of art. 1995 the plaintiff must show that: (1) one of the defendants is a resident of the county of suit; (2) a joint cause of action against the non-resident defendant and; (3) prove a cause of action against the resident defendant. *First National Bank of Yorktown v. Pickett,* 555 S.W.2d 547 (Tex. Civ.App.—Corpus Christi 1977, no writ). *See Gilstrap v. Beakley,* 636 S.W.2d 736 (Tex.App.—Corpus Christi 1982, no writ). The key element of proof is that the plaintiff plead and prove by a preponderance of the evidence each element of a bonifide claim against the resident defendant. *H.E. Butt Grocery Company v. Keeble,* 444

S.W.2d 358 (Tex.Civ.App.—Corpus Christi 1969, no writ). Additionally, where the trial court does not make findings, it is the duty of this Court to affirm the trial court's order if it can be sustained on any reasonable theory suggested by the evidence and authorized by law; and although there may be conflicts and inconsistencies in the testimony, the trial court is at liberty to resolve them in favor of the plaintiff, for venue purposes. *Pinney v. Cook,* 558 S.W.2d 33 (Tex.Civ.App.—Corpus Christi 1977, no writ).

■ In reviewing the evidence, we find that the county of residence of the appellant was stipulated to be San Patricio County and the county of residence of defendant Billy R. Moore d/b/a B & E Construction Company was stipulated to be Nueces County. In reviewing appellee's second amended petition, we find that appellee pled a joint cause of action against both appellant and Billy R. Moore d/b/a B & E Construction Company. *See Amoco Production Company v. Texas Electric Service Company,* 614 S.W.2d 194 (Tex.Civ.App.—Houston [14th District] 1981, no writ). Therefore, the only question remaining on appeal and raised by appellant's two points of error is whether appellee proved a cause of action against the resident defendant Billy R. Moore, d/b/a B & E Construction Company.

Appellee's cause of action against the resident defendant was for the negligent placement of signs or barricades. Appellee had to prove: (1) that Billy R. Moore d/b/a B & E Construction Company placed or was responsible for the placement of the signs or barricades; (2) that such placement was negligent; (3) that such placement was a proximate cause of appellee's injuries.

The evidence offered at the venue hearing consisted of the deposition testimony of three witnesses, pictures of the accident site and a copy of certain provisions of the Texas Manual on Uniform Traffic Control Devices. The first deposition testimony is that of defendant Billy R. Moore. Mr. Moore testified that a Type 3 barricade was erected near the site of the accident and that his company, B & E Construction Company, was performing highway construction

at the scene of the accident on July 20, 1980. The next witness to testify by deposition was the appellant. He testified that, at the time of the accident, he had pulled into the intersection and the lights of the car in which appellee was a passenger "just appeared out of nowhere . . . ." He further testified that he returned to the scene of the accident later that same day and realized there were signs at the scene. He also testified that he returned to the scene of the accident a week later and determined that the signs had obstructed his view. The final witness to testify was Bobby Rose, who resides approximately 100 yards from the scene of the accident. Mr. Rose testified that there were signs near the intersection where the accident occurred which obstructed the vision of one entering the intersection.

Viewing the evidence as a whole, we find it supports the trial court's implied finding that defendant Billy R. Moore d/b/a B & E Construction Company was responsible for the placement of the signs or barricades at the scene of the accident and that the placement of such signs was negligence and a proximate cause of appellee's injuries. Appellant's points of error one and two are overruled.

The judgment of the trial court is affirmed.